* 5 0 0 2 5 0 0 4 *
FILED
6/30/2020 1:45 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L006976

9627304

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| DANIELLE LeROY | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| v. | ) | |
| | ) | |
| | ) | JURY DEMANDED |
| INGALLS MEMORIAL HOSPITAL, | ) | |
| Through its Servants and Agents, and | ) | |
| DR. ZEHRA AFTAB | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, DANIELLE Le ROY, *pro se*, complaining of INGALLS MEMORIAL HOSPITAL, through its servants and agents, and DR. AFTAB, states as follows for her Complaint at Law:

### COUNT I- FALSE IMPRISONMENT ON AN INVOLUNTARY COMMITMENT PETITION
### (All Defendants)

1. Ingalls Memorial Hospital ("Ingalls") is a licensed private hospital that provides treatment for persons with mental illnesses within the meaning of the Illinois Mental Health and Developmental Disabilities Code ("the Code"), and does business in Harvey, Illinois.

2. Dr. Aftab ("Aftab") is an Illinois licensed physician practicing psychiatry in Harvey, Illinois.

3. Plaintiff, Danielle Le Roy, is an adult who at all relevant times resided in Chicago, Illinois. Plaintiff is an educated person who supports herself.

4. On or about July 3rd, 2018, at approximately 8am, Plaintiff was taken to the Emergency Room at University of Chicago. The hospital examined her and found her to be

**Exhibit 1**

disoriented. Her husband reported that she was under extreme stress and had not been sleeping.

5. The hospital administered the Plaintiff Lorazapam and Benedryl forcefully when the Plaintiff refused. The Plaintiff became more disoriented as a result of the medication.

6. The physician concluded that Plaintiff was subject to involuntary inpatient admission and was in need of immediate hospitalization pursuant to 405 ILCS 5/3-600 *et. seq.* The petition asserted that Plaintiff was a person with mental illness and who presented a risk of harm to others or herself. The first certificate required by the Code was executed by an emergency room physician at University of Chicago on July 3, 2018 at 10:50am.

7. Plaintiff refused to go to Ingalls. Plaintiff arrived at Ingalls in a forcibly restrained condition.

8. Plaintiff was admitted to Ingalls on or about July 4, 2018. Plaintiff was disoriented from lack of sleep and forced medication from the Emergency Room, unable to read, understand or sign any documents.

9. On or about July 4th at approximately 7:50pm, Plaintiff was cooperative but refused medication. Jonathan P., RN, ordered Nurse Erendira B. to forcefully inject Plaintiff with the refused medication, two shots of a psychotropic drug. The medication caused Plaintiff to lose consciousness.

10. At approximately 11am on or about July 5th, 2018, Plaintiff started to regain consciousness when Kathy Brkejani, a social worker, employed by Ingalls Memorial, entered her room, falsely identified herself as a nurse, and began pressuring Plaintiff to sign voluntary admission paperwork without allowing Plaintiff to read it. When Plaintiff explained she had just been drugged and requested time to get oriented and read the

paperwork, Brkejani became hostile, left the room with the paperwork and did not return with it.

11. When Kathy Brkejani returned, she handed Plaintiff a Notification of Hearing for Involuntary Commitment with a hearing date of July 9th, 2018. Plaintiff repeatedly inquired about attending the hearing date listed on the document and whether Plaintiff would have access to an attorney. Brkejani and Aftab refused to answer. When July 9th came and went with no hearing, Brkejani served Plaintiff with another Notice with a hearing date of July 16th, again refusing to answer whether Plaintiff would have access to an attorney or whether Plaintiff would be able to attend hearing.

12. The Petition for Involuntary/Judicial Admission expressly states that admittees have a right to be represented by an attorney. At no point was Plaintiff allowed to access an attorney and when she out of desperation attempted to contact her tax attorney but his return calls were not put through to her.

13. Plaintiff immediately began making repeated verbal requests to be released on a daily basis, and for an explanation as to why and under what authority she was being held, and for an attorney. Aftab and Ingalls ignored all requests.

14. Plaintiff was not given a copy of the Petition of Involuntary Admission within twelve hours of her admission to Ingalls, in violation of 405 ILCS 5/3-609. The Involuntary Admission Petition contains, as required by statute, a statement of patient rights. This was deliberately withheld from Plaintiff by Ingalls.

15. Aftab did not then or at any other time execute a Second Certificate which would have supported an Involuntary Admission under 405 ILCS 5/3-600 *et. seq.* and Ingalls' policies on involuntary admissions.

3

16. Based on Dr. Aftab's examination and her failure to complete a second certificate in compliance with the Code and with Ingalls' own policies on involuntary admissions, the Plaintiff should have been immediately discharged because discharge is required "forthwith" under the Code if the psychiatrist does not execute a second certificate upon examining the person. 405 ILCS 5/3-610.

17. On July 11th, Plaintiff succeeded in contacting Kate McNally, the Patient Advocate, and informed her that she wanted an attorney. McNally said she would work on it but Plaintiff did not hear from her again and Plaintiff was not provided access to an attorney.

18. The continued detention of the Plaintiff on and after July 4th was against Plaintiff's will. Plaintiff repeatedly asked to leave during her detention and was refused and told that she was "noncompliant."

19. Plaintiff repeatedly asked how she could be released. She was told by Aftab and Brkejani that the only way she could be released was if she signed an authorization for the release of her medical records to her husband and if she signed an application for voluntary admission. Plaintiff was threatened with a lengthier involuntary commitment if she did not. Plaintiff was also physically and verbally bullied by staff during her confinement. All of these actions and intentionally false statements were designed to coerce Plaintiff's consent to a voluntary admission to avoid the involuntary admission requirements of the Code.

20. Plaintiff was held until July 17th. She refused medication. She denied harming herself or anyone else.

21. Plaintiff was never taken to court by Ingalls or Aftab.

22. Ingalls and Aftab's failure to discharge the Plaintiff immediately on July 4th was an intentional and reckless decision made to detain the Plaintiff.

23. At all times, Ingalls ratified, approved of, and relied on the reckless acts of its agents and of apparent agents, including Dr. Aftab who had admitting privileges at the hospital, and as a result Ingalls detained the Plaintiff and deprived her of her liberty in violation of the Code and its own policies.

24. At all times Plaintiff believed Aftab was employed by Ingalls Memorial and at no time did Aftab in any way suggest she was not an employee of Ingalls Memorial.

25. The continued detention of the Plaintiff on and after July 4th, 2018 was against Plaintiff's will.

26. As a proximate result of the Defendants' failure to comply with the procedural requirements of the Mental Health and Developmental Disabilities Code, Plaintiff was falsely imprisoned and unlawfully detained and suffered injuries and losses, including emotional distress and psychological pain and suffering.

WHEREFORE, Plaintiff, DANIELLE LE ROY, respectfully prays that this Court enter judgment against Defendants INGALLS MEMORIAL HOSPITAL and DR. AFTAB awarding compensatory damages in an amount in excess of $50000, plus costs, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

### COUNT II—FALSE IMPRISONMENT ON A FRAUDENTLY PROCURED VOLUNTARY APPLICATION
(All Defendants)

In the alternative to Count I and without prejudice to any of its allegations, if Ingalls has in its possession an Application for Voluntary Admission signed by Plaintiff, Plaintiff alleges false imprisonment on fraudulent procurement of Plaintiff's signature.

1-26. Plaintiff incorporates by reference paragraphs 1-26 pled above, as paragraphs 1-26 of Count II, as if fully set forth herein.

27. At all relevant times, Ingalls had a duty to comply with the law governing involuntary commitment and voluntary admission proceedings.

28. Due to sleep deprivation and medication forcibly and improperly administered in the University of Chicago Emergency Room and at Ingalls, Plaintiff did not possess the mental capacity to read, understand, and consent to an application for voluntary admission.

29. During Plaintiff's confinement at Ingalls, Plaintiff was told the only way she could leave the facility was if she signed and voluntary application and she was threatened with a lengthier involuntary commitment if she did not. Plaintiff was also physically and verbally bullied by staff during her confinement to sign the voluntary admission. All of these actions and intentionally false statements were designed to coerce Plaintiff's consent to a voluntary admission to avoid the involuntary admission requirements of the Code.

30. Plaintiff does not recall signing a voluntary application and if she did, she did not knowingly sign it.

31. As a proximate result of the Defendants' fraud Plaintiff was falsely imprisoned at Ingalls from the 4th of July through the 17th, 2018, and suffered injuries and losses, including embarrassment, emotional distress and psychological pain and suffering.

32. Plaintiff and her husband repeatedly requested copies of her medical records during her detainment at Ingalls and immediately upon release but have received no response.

WHEREFORE, Plaintiff, DANIELLE LE ROY, respectfully prays that this Court enter judgment against Defendants INGALLS MEMORIAL HOSPITAL and DR. AFTAB awarding compensatory damages in an amount in excess of $50,000, plus costs, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

### COUNT III—FRAUD FOR FRAUDULENTLY PROCURED VOLUNTARY APPLICATION
(All Defendants)

In the alternative, without prejudice to Count I, if Ingalls has in Plaintiff's medical records an Application for Voluntary Admission signed by Plaintiff, Plaintiff alleges fraud for fraudulent procurement of Plaintiff's signature.

1-32. Plaintiff incorporates by reference paragraphs 1-32 pled above, as paragraphs 1-32 of Count III, as if fully set forth herein.

33. At all times, Ingalls and Aftab had a duty to comply with the law governing involuntary and voluntary admission proceedings.

34. As Plaintiff was repeatedly drugged against her will, Plaintiff did not possess the mental capacity to sign to a voluntary admission application.

35. The above described statements made by Kathy and Aftab to Plaintiff that her signing a voluntary application was mandatory in order to secure her release, and threatening that her failure to sign it would result in a lengthier involuntary commitment, were knowingly false and were made solely to induce Plaintiff to sign a voluntary admission form.

36. Plaintiff reasonably relying on the misstatements of material fact made by Ingalls through its servants and agents and Aftab.

37. As a proximate result of the Defendants' unlawful actions, Plaintiff's voluntary application was fraudulently procured.

WHEREFORE, Plaintiff, DANIELLE LE ROY, respectfully prays that this Court enter judgment against Defendants INGALLS MEMORIAL HOSPITAL and DR. AFTAB awarding compensatory damages in an amount in excess of $50,000, plus costs, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

## COUNT IV—MEDICAL BATTERY

### (All Defendants)

1-37. Plaintiff incorporates by reference paragraphs 1-37 pled above, as paragraphs 1-37 of Count IV, as if fully set forth herein.

38. During her detainment at Ingalls, Ingalls, through its servants and agents, repeatedly and forcefully administered psychotropic drugs without Plaintiff's consent, for no medical reason, and for improper purposes. Injections of psychotropic drugs were forcefully administered to punish and control Plaintiff, and at times for no reason at all.

39. Ingalls had a duty to obtain Plaintiff's informed consent when rendering non-emergency treatment.

40. On or about July 4th at approximately 7:50pm, Nurse Jonathan P. ordered Nurse Erendira B. to forcefully inject Plaintiff with medication because Plaintiff had refused to take the medication voluntarily.

41. On or about July 7th, Jonathan P., RN, instructed six staff members to pin Plaintiff down to her bed and forcefully inject her with medication for asking why she was being confined to her room.

42. On or about July 10th, Plaintiff was forcibly given an injection of psychotropic medication for asking for milk to stabilize her blood sugar.

43. On or about July 12th, Plaintiff was threatened with injections for not moving fast enough when ordered to move to another area on the floor.

44. On July 7th and 11th, Plaintiff reported the incidents to Dr. Jon Grant, Kate McNally, the patient advocate, and Nadine Stevoff, the Director of Social Services, but nothing was done and the punitive injections continued.

45. As a proximate result of the Defendants' intentional, extreme and outrageous actions Plaintiff was medically battered and suffered injuries and losses, including emotional distress and psychological pain and suffering.

WHEREFORE, Plaintiff, DANIELLE LE ROY, respectfully prays that this Court enter judgment against Defendants INGALLS MEMORIAL HOSPITAL and DR. AFTAB awarding compensatory damages in an amount in excess of $50,000, plus costs, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

## COUNT V—ASSAULT; SEXUAL ASSAULT
### (Ingalls)

1-45. Plaintiff incorporates by reference paragraphs 1-45 pled above, as paragraphs 1-45 of Count V, as if fully set forth herein.

46. During Plaintiff's detention, Plaintiff was subjected to intimidation, bullying and coercion of a sexual nature by the staff.

9

47. On or about July 14th a male Behavioral Heath Technician, an employee of Ingalls Memorial Hospital, requested Plaintiff to perform a private dance for him, which Plaintiff did not comply with but the Behavioral Health Technician began recording her with his cell phone anyway.

48. On July 13th, a male Behavioral Health Technician, an employee of Ingalls, solicited sex from Plaintiff by telling Plaintiff that sometimes patients sleep with Behavioral Health Technicians to secure their release.

49. On July 13th, another male Behavioral Health Technician, an employee of Ingalls Memorial Hospital solicited sex from Plaintiff by telling the Plaintiff that he had a sexual relationship with the patient in the room next to hers.

50. Male staff would frequently enter Plaintiff's room unannounced. On July 12, male Behavioral Health Technician Ryan J. walked into Plaintiff's room without announcement. On July 15th, a male Behavioral Health Technician walked into her room without announcement while she was exiting the shower unclothed.

51. As a proximate result of the Defendants' sexual assault Plaintiff suffered injuries and losses, including emotional distress and psychological pain and suffering.

WHEREFORE, Plaintiff, DANIELLE LE ROY, respectfully prays that this Court enter judgment against Defendants INGALLS MEMORIAL HOSPITAL awarding compensatory damages in an amount in excess of $50,000, plus costs, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

## COUNT VI—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (All Defendants)

10

1-51. Plaintiff incorporates by reference paragraphs 1-51 pled above, as paragraphs 1-51 of Count VI, as if fully set forth herein.

52. Plaintiff's entire false imprisonment, in the face of Plaintiff's repeated verbal and written requests to be discharged and her repeated requests for an attorney, all while facing multiple sexual propositions to secure her release, was extreme and outrageous.

53. During her confinement Plaintiff was bullied and harassed by the staff at Ingalls. On or about July 7th, at or about 3:45pm, Behavioral Health Technicians Courtney H., Brittani, and Yuvanka attempted to provoke Plaintiff into a fight while she was standing just outside of her assigned room. When Plaintiff declined to engage, Courtney H. physically attacked her. Plaintiff called 911 but no police officer arrived. On or about July 12th, Behavioral Health Technician Courtney H. called Plaintiff a slut and accused her of sleeping with male patients.

54. On or about July 16, Nurse Jonathan P. attempted to slam a door on Plaintiff's foot when she was requesting water from the nursing station. Plaintiff requested a grievance complaint form to report Jonathan. While Plaintiff completed the form in her room, Jonathan paced threateningly outside of her door and Nurse Gloria yelled at Plaintiff that she was stupid for being in a place like Ingalls, and threatened to "snatch the shorts off of" her.

55. Plaintiff was repeatedly given forceful injections of psychotropic drugs for non-medical, improper reasons. Forceful injections of medication were administered to control and punish Plaintiff. On or about July 4th at approximately 7:50pm, Nurse Jonathan P. ordred Nurse Erendira B. to forcefully inject Plaintiff with medication because Platiniff had refused to take the medication voluntarily.

56. On or about July 7th, Jonathan P., RN, instructed approximately five female staff members to pin Plaintiff down to her bed and forcefully inject her with medication for refusing medication and asking why she was being confined to her room. When Plaintiff resisted, one of the female staff members told her that she was going to jail.

57. On or about July 10th, Plaintiff was forcibly given an injection of psychotropic medication for asking for milk.

58. On or about July 12th, Plaintiff was threatened with injections for not moving fast enough when ordered to move to another area on the floor.

59. On July 7th, Plaintiff witnessed Behavioral Health Technician Allen assault a fellow patient. Plaintiff attempted to call 911 but was unable to because the staff had restricted access to the patient phones.

60. As alleged above, Plaintiff's physical space and privacy was not secure and frequently intentionally violated. Staff frequently demanded sexual favors. On multiple occasions, Plaintiff witnessed staff recording her on their cell phones. On or about July 16th a male Behavioral Health Technician asked Plaintiff to dance for him. He also threatened violence if Plaintiff did not give him her private notebooks in which she had been documenting incidents. On July 12, male Behavioral Health Technician Ryan J. walked into Plaintiff's room without announcement. On July 10th at approximately 3:00pm, Plaintiff witnessed a man dressed in plain clothes allowed to access the unit and to look into Plaintiff's room. Plaintiff called out for help and the man left quickly. On July 13th, a male Behavioral Health Technician told Plaintiff that sometimes patients sleep with Behavioral Health Technician to secure their release. On July 13th, a male Behavioral Health Technician told the Plaintiff that he was sleeping with the patient in the room next to hers.

61. The staff was intentionally unresponsive to Plaintiff's medical needs. On or about July 12th, Plaintiff requested menstrual pads from staff. The staff ignored her requests until she began bleeding through her clothes. Then, the staff would only give her two pads at a time. On or about July 6th, Plaintiff had become faint and dizzy and requested staff take her vitals. They ignored her request and Plaintiff passed out on the floor. A male patient helped her off the floor while the staff watched. Plaintiff repeatedly told the staff that she had blood sugar issues but the staff would not provide her with dietary accommodations or take her vitals when requested. When Plaintiff reported to the patient advocate that the forced injections and abuse by staff were triggering her PTSD, no action was taken and the abuse continued.

62. Aftab and Ingalls repeatedly made false and intentionally confusing statements and threats regarding the involuntary and voluntary procedures. On July 6th, Aftab threatened to involuntarily commit Plaintiff if Plaintiff did not sign the release of her medical records to her husband. On July 11th, Plaintiff attempted to submit a written request for release to Aftab. Aftab refused to accept it and walked away without explanation. Social worker, Kathy Brkejani told Plaintiff that her husband was seeking to have her committed involuntarily at the hearing.

63. Ingalls frequently interfered with Plaintiff's communications. The phone lines were often times turned off during hours they were supposed to be available, and several calls from Plaintiff's attorney and husband were not put through nor were messages given to Plaintiff that they had attempted to call.

64. Despite having initiated no incidents of violence during her stay, Plaintiff was cruelly and unnecessarily detained on the most restrictive floor the entire time she was detained. She

was not allowed to see her children at any point during her detention, a request she made frequently. On or about July 11th, Behavioral Health Technician or Nurse Veronica teased Plaintiff about her not being able to see her children. Plaintiff was not allowed to go outside at all even when the unit's air conditioner broke and reached temperatures in the 90's. During the overheating of the unit, Nurse Gloria insisted that Plaintiff wear a blanket about her waist since Plaintiff was wearing shorts.

65. Ingalls through its servants and agents, including Aftab intentionally gave Plaintiff and her husband false and confusing information concerning her release, and failed to deliver phone messages from her attorney and her husband.

66. As a proximate result of the Defendants' intentional and cruel actions, Plaintiff suffered injuries and losses, including embarrassment, emotional distress and psychological pain and suffering.

WHEREFORE, Plaintiff, DANIELLE LE ROY, respectfully prays that this Court enter judgment against Defendants INGALLS MEMORIAL HOSPITAL and DR. AFTAB awarding compensatory damages in an amount in excess of $50,000, plus costs, and any other relief that this Court deems just.

Plaintiff demands trial by jury.

*Danielle Le Roy*
By: Danielle Le Roy, Pro Se

1507 East 53rd St, Suite 708
Chicago, Illinois 60615
danielle@dts-tech.com
8478948759

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
# COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| DANIELLE Le ROY | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| v. | ) | |
| | ) | |
| | ) | JURY DEMANDED |
| INGALLS MEMORIAL HOSPITAL, | ) | |
| Through its Servants and Agents, and | ) | |
| DR. ZEHRA AFTAB | ) | |
| | ) | |
| Defendant. | ) | |

## SUPREME COURT RULE 222 AFFIDAVIT

The undersigned, Danielle Le Roy, having been duly sworn on oath, deposes and states that the total of money damages sought in the above-captioned matter exceeds FIFTY THOUSAND DOLLARS ($50,000.00).

*Danielle Le Roy*
By: Danielle Le Roy, Pro Se

Danielle Le Roy
1507 East 53rd, Suite 708
Chicago, Illinois 60615
847.894.8759
danielle@dts-tech.com